11 483
78a 477

ROBERT BLOOMER, appellant, *vs.* JOHN SHERRILL, appellee.

*Appeal from Jo Daviess.*

In order to reverse a judgment, because the testimony of a particular witness was excluded from the jury, it must be shown that the testimony was material.

When the Court lays down the law by which the jury are to be governed in their deliberations, he must instruct them in writing.

This was an action of trespass, for assault and battery, brought by the appellee against the appellant, and heard before Sheldon, Judge, and a jury, at March term, 1850, and a verdict and judgment for $500. The defendant below (Bloomer,) prayed the appeal.

J. P. HOGE, for appellant.

J. P. STEVENS, for appellee.

Opinion by Mr. Justice CATON :

Had the testimony of the witness, Byrne, been allowed to remain before the jury, we should not have complained ; and yet we cannot say that the Court erred in withdrawing it from them as immaterial. It is true, that great latitude is allowed on both sides, in cases of this kind, in the evidence to be admitted, calculated to affect the question of damages ; yet even here, testimony, the materiality of which cannot be pointed out, should be

rejected. The testimony of the plaintiff below, showed that the defendant had pushed him down and broken or dislocated one of his wrists, by reason of which he was sick and unable to work for several months ; and it may be that, to some extent, the injury was permanent. Byrne testified, that some time after the assault, the plaintiff showed him a lump or knot above the elbow, on one of his arms, which was the consequence of an injury he had received by falling against the door post, while working for Leiginger, but there is no pretence that the plaintiff complained of any inconvenience from that hurt, or that the injury ever had been in any degree serious. Sherrill had worked for Leiginger, both before and since the assault for which the suit was brought was committed; and whether he fell against the door post before or after that assault was committed, does not appear. It may have been years before the assault, or but a few days before the conversation. At most, it could only have been a flesh wound, and no jury would have been authorized to find, from the testimony of Byrne, that it had produced a permanent injury. Besides, it does not even appear that it was on the same arm, the wrist of which had been broken or dislocated by Bloomer. What argument could have been urged upon this testimony, had it been admitted ? Was it designed to show that Sherrill was in the habit of falling and hurting himself ? Admitted, and the case is not helped, for it is certain that upon this occasion he did not fall accidentally, but that Bloomer pushed him down. Was it designed to show that the permanent injury complained of might have originated in the fall against the door post ? As before remarked, the evidence was not of such a character as would warrant that conclusion. A verdict affirming that fact from this evidence could never be seriously asked. We cannot appreciate any legitimate bearing which this evidence could have had upon the finding of the jury; and yet to reverse this judgment, we must be able to say that it was material, and to point out its materiality. This we cannot do, and hence we cannot say that the Court erred in rejecting it.

The statute requiring the instructions to the jury to be given in writing, did not require the Circuit Court to deliver a written opinion, in deciding the motion of the plaintiff to exclude this testimony from the jury. This question merely concerned

the admissibility of evidence, and had nothing to do with the law, as applicable to the evidence before them for consideration. When the Court lays down the law by which the jury are to be governed in their deliberations, then he must instruct them in writing.

The injury was a serious one, and we cannot say that the damages were assessed so high as to call upon this Court to interfere, because they were excessive.

The judgment of the Circuit Court must be affirmed, with costs.

*Judgment affirmed.*