# Henry McEwen

*v.*

# Stephen Morey.

1. COUNT *for goods sold and delivered.* It is essential to the *indebitatus* count for goods sold and delivered, that it should aver they were sold and delivered to the defendant at his request. Where such an averment is wanting in such a count, upon a special demurrer, the count would be bad.

2. ALLEGATIONS AND PROOFS. Where a count avers that the defendant purchased of plaintiff a quantity of corn at the highest market price for similar shelled corn in the city of Morris at the time of delivery, the

plaintiff could not recover on such a contract by showing a delivery of corn at another place, and under a contract which did not specify any price at any place.

3. CONTRACT—*as to price to be paid.* Where one party said to another, when he got ready to shell his corn, haul it to his warehouse in Seneca and he would make it satisfactory as to price, and the corn was hauled and delivered at the warehouse, the law implies a contract to pay the market price at the time and place of delivery, for which a recovery may be had.

4. RECEIPT—*whether it amounts to a contract.* Where, upon the delivery of grain, a receipt is given therefor, subject to the market price of corn, on its return to the person giving it, by a day named, and storage to be paid, and on the back of the receipt there were dates and figures showing other deliveries at different times, and there was evidence tending to show that the person did not call for a receipt, but only for a memorandum of the dates, and amounts delivered, and that the person to whom it was given did not know its contents, it was for the jury to say whether the receipt expressed the contract of the parties, and whether the amounts indorsed on the back of the receipt were to be subject to the same terms.

5. INSTRUCTIONS—*oral explanation by the court.* Where the court had given instructions for both parties, and gave an instruction on his own motion, it was error to preface it by the oral remark, in the presence and hearing of the jury, that he had concentrated all there was in those instructions into this one, as embodying all the law necessary for the case, when it did not, in fact, present all the law of the case, and withdrew from the consideration of the jury evidence that was before them.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. DICKEY, BOYLE & RICHOLSON, and Mr. S. W. HARRIS, for the appellant.

Mr. B. OLIN, and Messrs. BLANCHARD & SILVER, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was *indebitatus assumpsit* upon the common counts, brought by Morey against McEwen, to recover for a quantity of corn sold and delivered by the former to the latter. A trial was had upon issue joined, before a jury, terminating in

3—60TH ILL.

a verdict and judgment for plaintiff. Defendant brings the case to this court by appeal.

The first point made is, that there is a total variance between the contract as set out in the special counts, and the proofs. This point is not tenable. There are no special counts in the declaration. It originally contained three counts, preceding the regular common counts, which were neither special counts, nor in exactly the ordinary form of the common counts, but approaching nearer to those of that character than to special counts. To these first mentioned counts the defendant filed a general demurrer, and then the general issue to the same. Plaintiff's counsel moved the court to strike the demurrer from the files, but the court, overruling that motion, sustained the demurrer to the second and third counts, and overruled it as to the first.

The first count is, in substance, an *indebitatus* count; but, instead of following the proper form, it alleges that defendant was indebted to plaintiff in a sum stated, for the value of six hundred and seventy-four $\frac{6}{56}$ bushels of corn, before that time purchased of the plaintiff by the defendant *at the highest market price for similar shelled corn in the city of Morris*, at the time of delivery; that on, etc., said market price for such corn being about eighty-two cents per bushel, and being so indebted, he, the said defendant, in consideration thereof, promised the said plaintiff, etc.

It is essential that the *indebitatus* count, for goods sold and delivered, should aver that they were sold and *delivered* to the defendant at his request. 1 Chit. Pl. 345, 346; *Porter* v. *McClure*, 15 Wend. 189. Such an averment is lacking, and upon special demurrer the count would certainly be bad. The plaintiff, however, could not recover upon it by showing a sale and delivery of corn at another place than Morris, and under a contract that did not specify any price at any place. The two counts to which the court sustained the demurrer, must be regarded as out of the declaration so far as the question of variance is concerned. The remaining counts in the declaration

were the common counts in the usual form, for goods· sold and delivered, money had and received, etc. No question of variance can properly arise in the case, and the only question that could arise in this particular, would be as to the adaptation of the common counts to the case made by the evidence.

The original verbal contract between the parties was simply a request on the part of the defendant that the plaintiff, when he got ready to shell his corn, would haul it to defendant's warehouse in Seneca, and the latter would make it satisfactory to plaintiff as to price. This was the substance of the contract, as testified to by both parties. The plaintiff complied, and delivered at the place designated six hundred and .seventy-four bushels, which were received and accepted by defendant. There was nothing in the conversation out of which the contract springs, about the plaintiff having the market price at Morris, or having an option as to time of fixing the price ; neither was any specific quantity agreed upon which plaintiff was to deliver, nor was payment to be made otherwise than in money. In such case, the law will imply a promise on the part of the defendant to pay the plaintiff the market value of the corn at the time and place of delivery, for which a recovery may be had under the common counts.

Upon the trial, the defendant introduced in evidence the following writing :

"Seneca, Ill., Aug. 31, 1869.

Received from S. Morey forty-five bushels fifty pounds of shell corn, subject to market price for corn in Seneca, on return of this receipt by the 15th day of October, 1869, less two cents per bushel for first thirty days, or part thereof, and one cent additional per bushel for each succeeding thirty days, or part thereof, risk of fire and heating excepted.

McEwen & Dow."

Upon the back of which appears a memorandum of dates and a column of figures, without any words to connect the same with the terms on the face of the instrument These indorsements can only be understood by the aid of extrinsic

evidence, and by which it was shown to mean the number of loads of corn and the time and quantity of each load delivered. The defendant gave evidence tending to show that this receipt was given by his clerk to the plaintiff at the time it bears date, and of the delivery of the first load; that plaintiff produced it and had each successive load indorsed upon it. While the plaintiff testifies, and is in some degree corroborated by other testimony, that when he had finished the delivery of the corn he asked for a memorandum of what he had delivered, and that this paper was furnished him in pursuance of that request; he swears, positively, that he never assented to the terms upon the face of the receipt, and did not even know what they were until a considerable time afterwards, and that he never called for any receipt.

If the plaintiff only called for a memorandum of quantities of corn delivered, and this paper was handed to him in pursuance of that request, and he retained it as the memorandum called for without knowing that it purported to be a special contract, and he did not otherwise assent to it than by so retaining it, then there was no such meeting of minds, by acceptance, as will constitute a contract.

It was insisted below, as appears by instructions asked on behalf of defendant, and is so here, that the receipt given in evidence constituted a written contract covering the entire subject matter, merging all previous and contemporaneous negotiations, and affording the only basis of recovery.

It is essential to a valid contract that there should be a meeting of the minds of the contracting parties. The usual mode of manifesting that result is by the signature of the parties. But it is the settled law, that if a party, without negligence, sign and seal one instrument, actually supposing it to be another and wholly different one, he will not be bound by, and may avoid it, even at law; and this, upon the ground that the mind of the signer did not accompany the signature.

Here, it is not sought to hold plaintiff bound by a contract, his assent to which is manifested by his signature, for he did

not sign it, and it was of a form and character not requiring his signature; but it is sought to make it obligatory upon him, by assent manifested by acceptance. Such acceptance may be expressed by words, or implied from acts and circumstances.

If he asked for a receipt at the commencement of delivery of the corn, and received this, and produced it at every successive load to have the quantity indorsed, this would be strong presumptive evidence of assent; but if at the close, or nearly so, of the act of delivering the grain, he asked for a memorandum, and this was given him with a memorandum on the back, and he, without knowing that it was otherwise than a memorandum, retained it, such retention is not, of itself, sufficient evidence of assent to the special contract, but is evidence of an attempt by defendant to impose upon him, and he is not bound by its terms. These were questions of fact for the jury, upon which there was conflicting evidence, and as to which it was their province to decide.

But, there is a further consideration. If it be conceded that plaintiff assented to the contract expressed in the receipt, the terms of it embraced only forty-five bushels and fifty pounds of corn. There are no words upon the face, or upon the back of the receipt, which bring the quantities of grain, noted on the back, within the terms of the *written* contract. The memorandum is no part of the contract.

It is not even pretended by the defendant that, from the time of the original contract respecting the corn until the completion of the delivery, there were any new negotiations between him and plaintiff as to the terms of the sale. Still, it was competent for the parties, before performance of the original contract, to vary it by the substitution of a written one in the form of a receipt, embodying a special contract respecting the same subject matter. Whether this was done, is a question involving both law and facts. The facts were to be found by the jury. The plaintiff based his theory of the case upon the original contract and the delivery of the corn under it.

Whether such contract was made, and whether the corn was delivered under it, were questions for the jury. The defendant rested his defense upon the ground of the substitution of the written contract, the delivery under that, and a want of compliance by plaintiff with its terms. This was perfectly legitimate, and he had the right to have the case properly submitted to the jury by instructions embodying that theory. Instructions were given on behalf of both plaintiff and defendant, in accordance with their respective views of the case.

The bill of exceptions states, that after the giving of said instructions for both plaintiff and defendant, the court then and there, of his own motion, unasked by either party, gave to the jury the following instruction, prefacing the giving of the same by the following remark to counsel, in presence of the jury, to-wit: "I have taken upon myself to concentrate all there is in those instructions into this one, as embodying all the law necessary for the case :"

"If, prior to the commencement of this suit, the plaintiff sold and delivered to the defendant some corn, whether it was or was not in store with the defendant at the time of sale, or if the plaintiff stored some corn with the defendant, the latter sold it and got the money for it, the jury should find for the plaintiff; and if there was a sale by plaintiff, and no contract as to price, the price at the place and time of sale and delivery, less storage, if any, would be the amount of the verdict. If plaintiff never sold the corn, but stored it, and defendant sold the plaintiff's corn so stored, the plaintiff should recover what defendant got for it, less storage. The fact that the defendant had a partner, is of no consequence. If neither the plaintiff nor the defendant had sold the corn before this suit was commenced, the plaintiff can not recover. Any agreement between plaintiff and defendant, by which they intended and understood that the title to the corn should cease to be in the plaintiff and should pass to the defendant, would be a sale. If the defendant stored the plaintiff's corn before the same was

sold by plaintiff to defendant, or before the defendant sold it to another, the jury should allow defendant what the storing was reasonably worth, if· there was no contract price for storing, or the agreed price, if one was agreed upon."

The counsel for plaintiff and defendant both excepted to the giving of the instruction and the remarks of the court thereon.

The statute of 1847, p. 63, provides: "That hereafter, no judge of the circuit court shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing"—"and he shall in no case, after instructions are given, orally qualify, modify, or in any manner explain the same to the jury."

The counsel for appellant insists that the court erred in orally qualifying or superseding the instructions already given, by the remark prefacing the giving of said instruction. The bill of exceptions does not state that the remark was orally made, though it is fairly inferable that it was. If oral, it was in violation of the spirit of the statute, because it would have the direct effect, though directed to counsel in the hearing of the jury, to induce the jury to disregard all the other instructions, and regard only that given by the court of its own motion, "as embodying all the law necessary for the case." If in writing, and directed to the jury, it would operate as a supersedure of all the other instructions ; and the one given of the court's own motion did not embody all the law necessary for the case, because it withdrew from the jury all consideration of the question respecting the issuing and acceptance of the receipt given in evidence. The evidence upon that point was properly before the jury, and the defendant had the clear right to have it passed upon by the jury under the instructions which the court had given as applicable to it. If the receipt became a contract by acceptance on the part of plaintiff, it controlled the rights of the parties as to the corn mentioned in it ; and the jury might have found, from the acts of the parties, if the question had been submitted to them,

and the evidence was sufficient, that, although the residue of the corn was not embraced in the written contract as such, yet that it was mutually understood that it was to be governed by the same terms.

If the receipt became a contract, and fixed the rights of the parties as to the corn expressed in it, and the residue was governed by the same terms, the plaintiff would not be entitled to recover simply on the ground that defendant sold the corn at any time before the commencement of the suit. The contract embodied in the writing is one of sale, and not of bailment. *Ives* v. *Hartley,* 51 Ill. 520; *Lonergan* v. *Stewart,* 55 Ill. 44.

There was no evidence in the case tending to show that there was any other contract under which the corn was delivered, except the original verbal contract, or that contained in the written receipt. In the conversation out of which the original arose, there was nothing said about storing the grain, but compensation for storage is provided for in the written one, if it ever became a contract. Still, the legal effect of that instrument is a contract of sale and not one of bailment, or for storage merely. In the instruction given by the court, the jury were told that, "If plaintiff stored some corn with defendant, and the latter sold it and got the money for it, the jury should find for the plaintiff." There was evidence tending to show that defendant had sold the corn, but there was no evidence at all of a contract for storing it, in the sense that would make a sale of it wrongful, unless the receipt was construed to be such contract. The court, therefore, submitted that proposition to the jury, either without any evidence at all to base it upon, or left it to them to construe the written contract. In either case it was wrong.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*