## Gaynor v. Pease Furnace Co.

1. EVIDENCE —*Admissibility of Written Contracts.*—In an action upon a promissory note where a written contract is offered in evidence by the defense, and there is nothing upon the face of it to show any connection between it and the note sued on. an offer to prove that the note was given by the defendant for the work performed under the contract, was held not broad enough to entitle the contract to admission and the court properly excluded the contract.

2. INSTRUCTIONS.—*May be Given Orally When.*—Parties litigant or their counsel may, by agreement, waive the statutory provisions requiring instructions to be given in writing, in any particular case, and the court will presume that such waiver was agreed to when the record shows no exception taken to such oral instructions.

Memorandum.—Assumpsit on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 13, 1894.

The opinion states the case.

THOMAS J. WALSH, attorney for appellant.

TATHAM & WEBSTER, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The declaration in this case consisted of a special count upon a promissory note made by appellant to one Hoffman

and by him indorsed to the appellee, and the common counts.

The plea of the general issue was withdrawn at the trial, appellant thereby confessing the indebtedness upon the note sued on, and although there were several pleas filed, the only one under which appellant offered evidence, was the second, which alleged a contract with the appellee out of which the note arose, a breach of that contract, and a consequent right of set-off.

As tending to sustain such plea, the defendant, appellant here, offered in evidence a written contract which consisted of a detailed proposal, mostly printed, to furnish and set up in the residence of appellant, a certain apparatus for supplying hot water and warm air, which was signed by George D. Hoffman, the payee named in said note, and accepted by the appellant.

To the introduction of that contract the plaintiff objected, and the objection was sustained by the court. Thereupon counsel for the appellant offered to prove that the note sued on was given by the defendant for work performed under the contract offered in evidence, and for that purpose asked the appellant, who was at that time on the stand as a witness in his own behalf, how he came to execute the note, and to such question the appellee objected, on the grounds of incompetency and irrelevancy, and the court sustained the objection. And thereupon the appellant again offered said written contract in evidence, to which offer objection by the plaintiff was again interposed, and the objection was sustained by the court.

The ruling of the court in refusing to admit in evidence the written contract offered by appellant is assigned as error.

The offer was simply of the written instrument. On the face alone, of the paper, there was nothing to show any connection whatever between it and the note sued on.

There was no offer made by counsel to show that Hoff_man, the party in whose name the proposal was submitted, and to whom the note was made payable, was acting in the transaction as the agent of the appellee, and it does not

appear that the admission in evidence of the proposal or contract by itself would have had any tendency to prove such agency.

The mere fact of Hoffman's name appearing on the printed heading of the paper as the "general western manager" of the appellee, would not of itself have had any tendency to prove that in the particular transaction he was acting as appellee's agent. Summers v. Hibbard, 50 Ill. App. 381.

Indeed everything, except that printed heading which appears in the proposal, tends strongly to repel any such inference or presumption. The entire language of the proposal indicates very strongly that the undertaking was Hoffman's individual contract, and it is signed by him as for himself.

The offer was not broad enough, and the court properly excluded the paper. Gaffield v. Scott, 33 Ill. App. 317.

The bill of exceptions shows that the court instructed the jury orally to find for the plaintiff in the sum for which the verdict was rendered.

Our statute is explicit in forbidding oral instructions to the jury.

"Hereafter no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing." Sec. 53, Chap. 110, entitled Practice.

But parties or their counsel, may, by agreement, waive the statute in any particular case, and we will presume that such waiver was agreed to in this case, the record showing no exception preserved on that ground.

The second assignment of error is that the court erred in instructing the jury to find for the appellee, but such an assignment relates to the substance and not to the form of the instruction.

Non constat, but if the form of the instruction had been excepted to, the court would have then and there corrected the error by a written instruction to the same effect.

In substance, the instruction was entirely proper under the evidence.

The judgment of the Circuit Court will be affirmed.