Harvey v. Keegan.

# Frederick Harvey v. Katherine Keegan.

1. INSTRUCTIONS—*Must Be in Writing.*—When the court lays down the law by which the jury are to be governed in their deliberations, he must do so in writing; the giving of an instruction orally as to the law in the case, against the objection of appellant, is a violation of the statute. Hurd's R. S., 1897, page 1212.

Assumpsit, for wages, etc. Trial in the Superior Court of Cook County, on appeal from a justice of the peace; the Hon. WILLIAM G. EWING, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed October 21, 1898.

G. W. & J. T. KRETZINGER and L. L. SMITH, attorneys for appellant.

CHARLES L. MAHONEY, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This suit, begun before a justice of the peace, and heard in the Superior Court upon an appeal by appellant from the justice's judgment, appears from the evidence to have been brought for the recovery of the amount paid by the appellee for her railway fare from a point in New Mexico to Chicago, under an agreement between the parties that return transportation from that point would be furnished appellee if she should work for appellant, there or elsewhere, in one of his railway eating-houses for a period of six months.

The record shows that at the conclusion of the evidence "the court suggested that he would instruct the jury orally, if counsel agreed, but defendant (appellant here) objected, and insisted that the instructions be in writing." Whereupon the court gave the jury such of the written instructions asked by appellant, as were not marked "refused," and, upon its own motion, orally instructed the jury as follows:

"If the jury find the issues for the plaintiff and you find that the amount claimed by plaintiff was to be part of her wages, you may find said amount to be due as wages as a servant." To the giving of which oral instruction exception was then and there taken by appellant.

We need not now discuss whether such oral instruction was upon a point foreign to the evidence and the issues, although the appellee testified that she was paid her wages, for the giving of an instruction orally as to the law of the

Harvey v. Keegan.

case, against the objection of appellant, was an express violation of the statute.

"When the court lays down the law by which the jury are to be governed in their deliberations, then he must instruct them in writing." Bloomer v. Sherrill, 11 Ill. 483; Ray v. Wooters, 19 Ill. 82; McEwen v. Morey, 60 Ill. 32; I. C. R. R. Co. v. Hammer, 85 Ill. 526; Arcade Co. v. Allen, 51 Ill. App. 305.

This court, in Greathouse v. Summerfield, 25 Ill. App. 296, applying the rule that error without injury is not enough to reverse a judgment (Dacey v. The People, 116 Ill. 555), held, that while it was error to instruct the jury orally, it did not constitute reversible error in that case, because it was plain from the entire record that no injury could result to the complaining party.

This was further than any other decision has ever gone in passing upon the statute in question, so far as we know, but, although justified upon principle, it can not apply here, where the evidence was close and conflicting upon the very point.

Aside from that case, the only exception to the rule required by the statute, that where not waived by agreement, instructions must be in writing, is in stating to the jury the form that their verdict may take, and that exists, because so doing can in no proper sense be construed as an instruction upon the law of the case. I. C. R. R. Co. v. Wheeler, 149 Ill. 525.

Most clearly, however, the oral instruction complained of in this case was not merely as to form of verdict, but was upon a substantive proposition of statutory law in the case of servants' wages.

Other alleged errors are urged upon us, but if substantial in any respect, they are not likely to occur upon a second trial, and we will not discuss them.

For error in giving the oral instruction, the judgment is reversed and the cause remanded.