682    APPELLATE COURTS OF ILLINOIS.

VOL. 78.] Concord Apartment House Co. v. Alaska Refrigerator Co.

## Concord Apartment House Co. v. Alaska Refrigerator Co.

1. CORPORATIONS — *Existence Not to be Collaterally Questioned.*— Where persons assume to incorporate under the laws of the State, and in part comply with their requirements, assume corporate functions and transact business as a corporation, private persons can not collaterally question the right of such an association to a corporate existence, although there has not been a full compliance with the provisions of the statute.

2. SAME—*Collateral Attack.*—Where the acts done by persons assuming to act as a corporation are such as to constitute them a *de facto* corporation, a collateral attack by a private person will, as a general rule, be unavailing.

3. FOREIGN CORPORATIONS—*Proof of Organization.*—The certificate of the secretary of the State in which the corporation is organized, and a copy of the original record in his office properly certified, with evidence showing that it had assumed to act as a corporation and to do business in its corporate capacity, make a *prima facie* case of the existence of a *de facto* corporation.

4. BURDEN OF PROOF—*Under Pleas of Nul Tiel Corporation.*—The plea of *nul tiel corporation* does not impose the burden of proving that the company is in all respects a perfectly legal corporation.

5. SAME—*Where it Shifts upon the Defendant.*—Upon making out a *prima facie* case under a plea of *nul tiel corporation,* the burden of proof is shifted upon the defendant to overcome it by other evidence.

6. PLEAS OF NUL TIEL CORPORATION—*Recovery Under.*—A corporation is entitled to recover on the issue presented by this plea, on making proof that it had a *de facto* existence, and when such a *prima facie* case is made, no further proof of corporate existence is necessary until the *prima facie* case is rebutted.

7. ACCOUNT STATED—*Definition, Its Effect upon the Parties.*—Where parties have dealings with each other, and a statement of the account between them is made out by one and submitted to the other, who acquiesces in its correctness, the law regards it as a stated account by which both parties will be bound unless it can be shown that some error or mistake has been made or fraud practiced, and the burden of proving mistake or fraud is on the party alleging it.

8. INSTRUCTIONS—*Must be in Writing.*—The giving of an oral instruction as to the law of the case, except by agreement of the parties, is error.

9. PRACTICE—*Discretion as to Evidence in Rebuttal.*—It is discretionary with the trial court whether the plaintiff shall be permitted upon rebuttal to introduce evidence in chief, and such discretion is not ordinarily a matter for review.

Assumpsit, for merchandise sold and delivered.  Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.  Verdict and judgment for plaintiff.  Appeal by defendant.  Heard in the Branch Appellate Court at the October term, 1897.  Affirmed.  Opinion filed November 18, 1898.

JAMES L. CLARK and JOSIAH BURNHAM, attorneys for appellant.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.  The appellee sued the appellant in assumpsit, and filed for its declaration the consolidated common counts.

684 APPELLATE COURTS OF ILLINOIS.

VOL. 78.] Concord Apartment House Co. v. Alaska Refrigerator Co.

The pleas were non-assumpsit and *nul tiel corporation.*

To meet the plea of *nul tiel corporation,* the plaintiff introduced in evidence, over the objection of the defendant, a certificate by the Secretary of State of the State of Michigan (the plaintiff claiming to be a corporation of that State), to the effect that an instrument annexed to his certificate is a true and correct exemplified copy of an original record of the articles of association of the Alaska Refrigerator Company made in his office on November 12, 1891, in a certain volume of records of incorporations. Such instrument recites that certain "undersigned" persons desiring to become incorporated under the provisions of a certain act of the public acts of 1895, entitled, etc., do thereby "make, execute and adopt the following articles of association;" and then follow six articles, giving the name of the company, its purposes, capital stock, the location of its operations, and of its office in Muskegon, Michigan, and its term of existence; and there are appended, under date of October 31,1891, the names of twelve persons, and a certificate of acknowledgment.

Such constituted all the evidence of the incorporation of the plaintiff. The objection, taken at the trial, to the introduction of such document, was that it "does not by itself tend to show the incorporation of plaintiff, but plaintiff, claiming to be a Michigan corporation, must show that it has been organized according to the requirements of the laws of Michigan." By such specific objection all other grounds of objection are waived, and therefore the competency of the offered document must be held to be admitted, if it at all tends to prove the incorporation of the appellee. It is certain that such articles of association manifest a clear intention, by the persons subscribing to them, to form a corporation, and that such corporation is in fact organized, but whether legally or not we do not know, nor is it material for us to know.

In Hudson v. Green Hill Seminary, 113 Ill. 618, our Supreme Court, speaking by Mr. Chief Justice Scholfield, adopted, as "a rule of general application," what was said

in 89 Ind. 389, that, "where persons assume to incorporate under the laws of the State, and in part comply with their requirements, assume corporate functions and transact business as a corporation, private persons can not collaterally question the right of such an association to a corporate existence, although there has not been a full compliance with the provisions of the statute;" and in the same case the further statement is adopted that where the acts done by persons assuming to act as a corporation are such as to constitute them a *de facto* corporation, a collateral attack by a private person will, as a general rule, be unavailing.

But the application of such rule does not, as stated in the same case, preclude "strangers from showing that there was no law authorizing a corporation, nor from showing that there was no attempt at corporate organization, nor any assumption of corporate powers."

In addition to the certificate of the secretary of the State of Michigan, and the copy of the original record in his office, attached to his certificate, there were introduced in evidence a certain draft drawn in the name of appellee corporation, a certain bill rendered by it in its corporate name, and certain correspondence and conversations, all of which had a tendency to show that appellee assumed to act as a corporation and to do business in its corporate capacity.

From all the matters in evidence, we think a plain *prima facie* case of the existence of a *de facto* corporation was made out by the plaintiff. As was also said in Hudson v. Green Hill Seminary, *supra*, "The plea of *nul tiel corporation* did not impose the burden upon appellee of proving that it was in all respects a perfectly legal corporation. It was entitled to recover on the issue presented by that plea, on making proof that it had a *de facto* existence," and when such a *prima facie* case was made, no further proof of corporate existence was necessary until the *prima facie* case was rebutted by appellant.

Upon making such a case the burden of proof was shifted upon the defendant, but there was no attempt made to overcome it by other evidence,

686    APPELLATE COURTS OF ILLINOIS.

VOL. 78.] Concord Apartment House Co. v. Alaska Refrigerator Co.

We think, therefore, the objection to the evidence concerning the incorporation of appellee was properly overruled.

On the merits of the case appellee claimed to recover upon an account stated.

It appears that the appellant made a contract with the Economical Refrigerator Company to supply eighty-three refrigerators, at a price of $1,000, for its apartment house, and that subsequently the Economical Company, finding the contract was too large for its capacity, turned over the contract to appellee. These transactions were in the winter and early spring of 1896. About the first of the following October, a draft for $1,000 drawn by appellee upon appellant, together with a statement of account in the form of a bill rendered by the appellee to the appellant for eighty-three refrigerators at the sum of $1,000, were presented by an agent of appellee to the secretary of the appellant for payment.

Concerning what was said by appellant's secretary in response to the presentation to him of the draft and statement, there is a conflict in the evidence. On the one hand there was evidence that tended to show an acknowledgment by the secretary of the correctness of the draft and statement, and a promise or assurance by him that the amount would be paid in about a month out of the proceeds of a loan then being negotiated by appellant. Such was the testimony, in substance, of the person who presented the draft and statement of account to the secretary.

On the other hand the secretary denied making any such acknowledgment, assurance or promise, although he admitted that he said in the conversation he thought there was not money enough in the treasury to pay the bill, but that he thought it would be all right in a few weeks.

And the secretary also testified that he had no authority to accept drafts or approve bills for appellant, and that he so said to the witness who presented the draft and bill.

As to whether the secretary did have the requisite authority or not to make an acknowledgment or promise for the

Concord Apartment House Co. v. Alaska Refrigerator Co.

appellant such an engagement as would amount to an account stated, and raise a new cause of action between the parties, his mere denial of such authority, when there was other evidence upon the subject for the jury to consider, would not necessarily be conclusive. It appears that the contract between appellant and the Economical Refrigerator Company was executed in the name of appellant by the secretary, and not by any other officer of the appellant. It also appears that the president of the Economical Company addressed the secretary when he gave notice that the contract for the refrigerators had been turned over to appellee and asked for financial references to satisfy appellee, and that the secretary answered that communication and gave the solicited references. And it furthermore appears from the secretary's testimony, that in other respects he acted for the appellant in the matter of the contract.

We can not say, therefore, that the jury were not justified in finding that the secretary did have the requisite authority to bind appellant as by an account stated, and that he did make the requisite acknowledgment and undertaking to constitute an account stated.

The jury were accurately and clearly instructed as to what in law constitutes a stated account, and its legal effect in an instruction given on behalf of the plaintiff, as follows :

" If the jury believe from the evidence that some time about the fifth of October, 1896, a statement of account was made by the plaintiff or its agent, and submitted to the defendant or its agent, and the latter acquiesced in its correctness, the jury are instructed that the law regards this as a stated account, by which both parties will be bound unless it can be shown that some error or mistake has been made or fraud practiced, and the burden of proving mistake or fraud is on the party alleging it."

There was evidence tending to show that the refrigerators were in fact delivered to and retained by the appellant at its building, and an instruction covering that phase of the case was read on behalf of the plaintiff, as follows :

" If the jury believe from the evidence that Mr. Ross, as

688    APPELLATE COURTS OF ILLINOIS.

VOL. 78.] Concord Apartment House Co. v. Alaska Refrigerator Co.

agent for the plaintiff company, notified defendant company of the transfer of the original order for the refrigerators to the plaintiff company, and that afterward the refrigerators were delivered to defendant company, and that no objection was made thereto by the said defendant company, and that the refrigerators were accepted by the defendant, then the jury are instructed that the defendant is bound by the contract in the same way as if it had accepted it in formal terms."

The defendant offered no instructions.

Upon its own motion, the court instructed the jury, orally, as follows:

"The form of your verdict, gentlemen of the jury, will be as follows: If you find for the plaintiff you will say: We, the jury, find the issues for the plaintiff and assess the plaintiff's damages at the sum of ———— (whatever you find). And in case you find for the plaintiff you will not make a separate finding for the amount of the principal and the amount of the interest, but you will compute the interest and add it to the principal and make your finding for one entire sum; and in case you find for the defendant, you will say: We, the jury, find the issues for the defendant."

Complaint is made of this last instruction because it was given orally, contrary to the statute.

The giving of an oral instruction as to the law of the case, except by agreement of the parties, is error. Harvey v. Keegan, 78 Ill. App. 475; and in addition to the authorities there cited, we call attention to Wenona Coal Co. v. Holmquist, 152 Ill. 581, and Swift v. Fue, 167 Ill. 443; Gaynor v. Pease, 51 Ill. App. 292; Hefling v. Van Zandt, 162 Ill. 162. We regard the instruction in question as erroneous for being oral, in that it does much more than direct as to the form of the verdict, and does affirmatively instruct upon the law of a part of the case. But it being plain from the entire record that the appellant was not injured by the instruction, it does not constitute reversible error. Greathouse v. Summerfield, 25 Ill. App. 296.

Concord Apartment House Co. v. Alaska Refrigerator Co.

The case, as made, so clearly entitled the plaintiff to the verdict it obtained, that nothing less than serious error, amounting to injury, ought to be ground for a reversal.

What we have just said is equally applicable to the point that appellant was prejudiced by remarks made by the trial judge in the presence of the jury, and to the circumstance that counsel were limited in their argument to the jury.

If the verdict had been the other way it would have been the duty of the court below to have granted a new trial, and failing to do so, for this court to have reversed a judgment founded upon a verdict for the defendant.

The further point is also made that much of the evidence tending to support the plaintiff's case was permitted to be heard in rebuttal, when of right, if admissible at all, it should have been a part of plaintiff's original case.

It is discretionary with the trial court whether the plaintiff shall be permitted upon rebuttal to introduce evidence that should have gone in to make plaintiff's *prima facie* case; such discretion is not ordinarily a matter for review (Board of Com'rs v. Harlev, 174 Ill. 412), but here we think the rebuttal evidence was properly and strictly such, owing to the evidence introduced by the defendant.

We will not elaborate why it was so, as no novel rule of law is involved.

The judgment of the Superior Court is right, and the record does not show any reversible error.