## Herman E. Dick

### *v.*

## John Zimmerman.

*Opinion filed February 17, 1904.*

1. Evidence—*what is not proper cross-examination as to an account stated.* Where plaintiff in an action of assumpsit on an account stated testifies only as to the interviews and correspondence resulting in the agreement fixing the sum due, he cannot be cross-examined regarding the correctness of items of the account.

2. Same—*when copies of letters are properly admitted.* Proof that one letter written by plaintiff to defendant was properly addressed and mailed and that the receipt of another letter was acknowledged by the defendant, is sufficient proof of delivery of the two letters to authorize the admission of copies thereof in evidence.

3. Appeals and errors—*exceptions must be taken to improper rulings to preserve them for review.* Error in admitting in evidence a copy of plaintiff's declaration, with a statement of his account and affidavit of merits attached thereto, cannot be taken advantage of on appeal, where no exception was taken to the ruling of the court admitting the same.

*Dick v. Zimmerman,* 105 Ill. App. 615, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. Tuthill, Judge, presiding.

This was a suit in assumpsit in the circuit court of Cook county by appellee, against appellant, which resulted in a verdict of $1420 for appellee, and judgment thereon for that amount. The judgment has been affirmed by the Appellate Court for the First District, and the case is now brought to this court by appeal.

The declaration consisted of the common counts, and attached thereto was a copy of the account sued on and an affidavit of the amount due. Appellant pleaded the general issue and set-off.

Appellee introduced no evidence to prove the items of account, but relied solely on an account stated, and it appears from his testimony that at the request of appel-

lant he had submitted the account to him, and after an
examination thereof appellant had conceded it to be cor-
rect and had promised to pay it on the following day, but
failed to do so because his bank account was not as large
as he thought it was, but promised to send the amount
from England, as he was going there and had money on
deposit in that country.  Appellee further testified that
at the request of appellant he mailed to him an item-
ized statement identical with the statement of account
attached to the declaration.  Appellee offered a copy of
a letter dated October 12, 1898, addressed to appellant in
New York City, enclosing a copy of the account.

The copy of another letter written by appellee to
appellant, dated January 4, 1899, was objected to on the
ground that the only proof of the delivery thereof was,
that it was the general custom of business men in Chi-
cago to dictate letters to a stenographer, sign them when
typewritten, and leave the addressing, stamping and
mailing to clerks, and that this was also the custom of
appellee; that he dictated this letter, signed it after it
had been written, and that it then took the usual course,
and presumably was mailed to appellee by a clerk in the
performance of the usual duties of employment.  There
was no direct evidence that this letter had been mailed.
The letter expressed appellee's disappointment in not
receiving the amount as per bill sent to appellant, and
requested payment.

A copy of still another letter, dated November 1, 1898,
written by Zimmerman to Dick, referring to the account
and to an understanding that a check would be sent,
and requesting appellant to remit the amount as he had
agreed, was read in evidence.  The testimony relied on
to prove the delivery of this letter is, that appellee dic-
tated this letter to a typewriter, signed it, and mailed
it himself.

Appellant, on his cross-examination of appellee, at-
tempted to show the transaction out of which the account

arose and to show that the items were not correct, but the court refused to permit him to do so, stating that there was nothing to cross-examine him about except the interviews and the letters.

Appellant denied admitting the correctness of the account in his conversation with appellee, and testified to facts tending to show that the account, and the items included in it, were erroneous and not owing to appellee.

ZACH HOFHEIMER, for appellant.

DALE & FRANCIS, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This suit was tried on the part of the plaintiff upon that count of the *narr.* declaring upon an account stated. He testified in his own behalf to interviews with the defendant in which the account was presented to the defendant, discussed between them, agreed upon as correct, and that in the last of these interviews defendant agreed to pay the balance shown by the statement of the account, and plaintiff also testified to the writing of three letters by himself to the defendant, copies of which were admitted in evidence, and to other matters tending to show that the defendant received each of the three letters. On cross-examination counsel for defendant sought to examine plaintiff regarding the correctness of certain items included in the account. The court sustained an objection, saying, "There is nothing to cross-examine him about except these interviews he has testified to and these letters," and it is urged that the right of cross-examination was thereby improperly limited, and that, in any event, the remark of the court was improper, for the reason that the jury would conclude therefrom that the only matters for determination in the case were in reference to the interviews and the letters about which plaintiff had testified. The ruling was correct. Plaintiff was not asking to recover upon the original account, but

upon the alleged agreement or account stated, by which the amount due was fixed.

"In an action upon an account stated, the original form or evidence of the debt is unimportant, for the stating of the account changes the character of the cause of action, and is in the nature of a new undertaking. The action is founded, not upon the original contract, but upon the promise to pay the balance ascertained." *Throop* v. *Sherwood*, 4 Gilm. 92.

Plaintiff had testified only in reference to the interviews, resulting, as he said, in an agreement fixing the sum due, and in relation to the letters, and the cross-examination was properly confined to the same matters. The remark of the court was a terse and accurate statement of the law applicable to the situation and could have had no prejudicial effect with the jury, because the defendant was afterwards permitted to offer evidence showing the condition of the accounts between the parties on his theory of the case.

It is also urged that the court erred in admitting in evidence copies of three letters written by plaintiff to defendant, for the reason that there was no proof of the delivery of the originals. The delivery of the letter of October 12, 1898, was shown by a letter written by the defendant acknowledging receipt thereof. The letter of November 1, 1898, is shown to have been properly addressed and mailed by the plaintiff himself, from which the presumption arises that it reached the addressee. The copies of these two letters were properly admitted. Whether the evidence offered raises a presumption that the letter of January 4, 1899, was received by the defendant is not material. That letter contained nothing bearing on this case except an expression of regret that Dick had not remitted the amount due, as he had agreed before he left Chicago. As each of the other letters contained similar statements, we do not think the admission of this letter would constitute reversible error in any event.

There was also admitted in evidence, on the part of the plaintiff, his declaration in this case, with the statement of the account and affidavit of merits thereto attached. This was unquestionably improper, but the defendant did not preserve an exception to the ruling of the court in admitting these documents, and cannot, therefore, now have any advantage thereof. The action of the court seems to have been based upon the theory that the statement attached to the declaration was the original statement of account which plaintiff testified the parties had agreed to as correct.

The defendant, on his part, sought to show that there had been no agreement in reference to the amount due, and that the items in the account were in part incorrect, and that as to the remainder, plaintiff was indebted to him in a greater sum on account of transactions arising prior to the time when, according to the testimony of the plaintiff, the affair passed into an account stated. The jury were properly instructed and returned a verdict in favor of the plaintiff for the full amount claimed. The judgment rendered thereon has been affirmed by the Appellate Court, and as there was evidence tending to prove that this amount was due from the defendant to the plaintiff, we are precluded by the judgment of the last mentioned court from considering the objection urged upon us now, to the effect that the verdict was contrary to the weight of the evidence.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*