DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1910.

---

Rudolph Wurlitzer Company, Defendant in Error, v. Charles F. Dickinson, Plaintiff in Error.

## Gen. No. 14,788.

1. CORPORATIONS—*when foreign may maintain action in this state.* A foreign corporation which has complied with the act of 1899 but which has not complied with that of 1905, is entitled to maintain actions in this state for the full corporate period of its charter.

2. EVIDENCE—*what books of original entry.* If a charge is made in duplicate by means of the use of carbon paper upon blanks provided for that purpose, both copies are original and competent; likewise, a book of first entry into which the charges shown on such carbon slips are transcribed, is competent as a book of original entry.

3. EVIDENCE—*what constitutes an account stated.* If statements of account are rendered, received and retained for a long period of time without objection, a presumption of account stated arises.

4. ASSUMPSIT—*what defense to action upon account stated.* A defendant in an action charging an account stated may show fraud or mistake, but the burden of proving the same is upon such defendant.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ANTHONY J. CLARITY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed February 15, 1910.

Statement by the Court. Upon a trial by a jury the Rudolph Wurlitzer Company, plaintiff, recovered a verdict in the court below for $761.01 and obtained

(36)

a judgment thereupon against Charles F. Dickinson, the defendant. The defendant prosecutes this writ of error to reverse that judgment. The action is *assumpsit* and the recovery was for the principal and interest of six notes of $25 each and for an amount found due upon an account. The account had its basis in certain goods, wares and merchandise, sold and delivered. The plaintiff is an Ohio corporation. Plaintiff had procured a license on March 24, 1900, from the Secretary of State to carry on its business in this state. The license was procured and issued pursuant to the law of 1899. When it was obtained, plaintiff paid the fee fixed and complied with the other requirements of that law. In 1905 the state enacted a new law relative to admitting foreign corporations to do business in the state.

F. WM. KRAFT, for plaintiff in error.

FERGUSON & GOODNOW, for defendant in error; E. C. FERGUSON and O. J. C. WRAY, of counsel.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Defendant contends that, although plaintiff had paid the required fee and complied with the other requirements of the act of 1899 and had obtained a license under that law to do business in this state and to prosecute suits in its courts, yet plaintiff may not maintain this suit or any suit in any court of this state. This contention is based upon the fact that the state adopted a new law in 1905, a non-compliance by plaintiff with that later law and the inhibition contained in that law prohibiting foreign corporations, who shall have failed to comply therewith, from maintaining any suit in the courts of the state. The requirements for permission to do business in the state contained in the act of 1905 are somewhat different from those contained in the act of 1899.

Plaintiff first came into this state and began to do business here while the law of 1899 was in force. The

act of 1899 provided for admitting foreign corporations of plaintiff's class and character to do business and maintain suits in this state when they had paid a specified fee and complied with certain other requirements of the act and, also, for the issuance of certificates accordingly by the Secretary of State. Section three of the act provided that: "Such certificates shall be taken by all courts in this state as evidence that the said corporation is entitled to all the rights and benefits of this act." Further, the same section provided that: "Such corporation shall enjoy those rights and benefits for the time set forth in its original charter or articles of association, unless this shall be for a greater length of time than is contemplated by the laws of this state, in which event the time and duration shall be the limit of time set out in the laws of this State." The meaning and intent of this provision undoubtedly was that the rights and benefits granted by the act should be enjoyed for the life of the corporation according to its charter or articles of association, granted, issued or approved by its home state, unless such grant of time were inconsistent with the provisions of the law of this state with reference to like corporations.

Plaintiff introduced in evidence a properly authenticated copy of a certificate issued March 24, 1900, by the Secretary of State of Illinois to the plaintiff, certifying that: "said The Rudolph Wurlitzer Company is from the date hereof duly authorized to do business in the State of Illinois for a term of 99 years, and is entitled to all the rights and privileges granted to foreign corporations under the laws of this state."

Unquestionably, as argued by defendant, the law of 1899 was repealed by the act of 1905. But that is an immaterial circumstance. The repeal of the law did not affect plaintiff's rights, acquired under the law of 1899 previous to its repeal, to do business and to prosecute suits in this state for a period of 99 years.

Contracts may arise from legislative enactments

and when such a contract has arisen it cannot be impaired by subsequent enactments. This is said, however, with this qualification that the police power of the State cannot be limited or affected by its contracts. City v. P., C., C. & St. L. R. R. Co., 146 Ill. App. 403.

In American Smelting Co. v. Colorado, 204 U. S. 103, a question quite similar to the one now before us arose. In that case the State of Colorado, by the enactment of a new law relating to the terms upon which foreign corporations would be permitted to do business in the state, sought to impose upon foreign corporations a certain annual state license tax. This tax, if sustained, would have been more burdensome upon foreign corporations previously admitted to do business in the state than any requirement permissible under the previous law. The new law was enacted in 1902 and the Smelting Company, a New Jersey corporation, had been licensed and was doing business in the state under a law of 1897. The company resisted the imposition of the new burden on the ground that a contract had arisen between it and the state, when the company complied with the requirements of the earlier law and thereunder procured a license to do business in the state, and insisted that the contract which had arisen continued during the period provided for by the earlier law. The United States Supreme Court, reversing the state courts, sustained this contention of the Smelting Company and held that the act of 1902 could not be enforced as against the Smelting Company because by such enforcement the obligation of the existing contract would be impaired.

We are of the opinion that when plaintiff was given its certificate to carry on business in this state for 99 years, a contract arose accordingly, and, therefore, defendant's contention that plaintiff cannot maintain a suit because it had not complied with the requirements of the law of 1905 is without merit. What regulations plaintiff may or may not be subjected to by the state is a question not involved in the present suit.

One other ground is urged for the reversal of the judgment. The judgment is made up of $158.12 for principal and interest upon six notes given by defendant to plaintiff and $602.89 due upon an open account for goods, wares and merchandise bargained and sold. Defendant makes the complaint that the amount due upon the account was proven by "improper evidence." The argument made upon that branch of the case is to the effect that the evidence by which the $602.89 was proven to be due was not competent. The transactions and account involved extended from May 8, 1907, to February 7, 1908. In connection with selling goods, it was plaintiff's manner of doing business, at the time of each sale, to use charge blanks and to fill in an original and carbon duplicate with the items of goods sold and the amounts the same were sold for. Although the witnesses called the one the original and the other a carbon copy, both being made simultaneously, are, in fact and in law, originals. The one called the original was sent with the goods to the purchaser and the other was retained by plaintiff. The day following sales the items and amounts of the sales were posted from the carbon copy retained into an account book of the plaintiff's which the witnesses called a ledger. This book, being a book of first entry, we regard as a book of original entry. The court permitted the retained carbon copies of the charge blanks, which showed the sales to defendant, and the defendant's account, shown in the so-called ledger, to be introduced in evidence, after a sufficient foundation had been laid. No error was committed by the trial judge in this respect. Furthermore, a statement of the account was rendered to defendant each month and the last statement, showing a balance of $602.89 to be due, was mailed to the defendant March 1, 1908. The evidence shows that, at the time of the trial, June 1, 1908, no objection to the account rendered on March 1, 1908, had been made to the plaintiff. Under the circumstances of this case, this absence of objection for such a length of time

made the account rendered an account stated and made the account and proof that the account had been so rendered admissible in evidence upon that theory. When a rendered statement of an account has been retained, without objection to the account or to the items contained therein, for such a length of time that the recipient has had a reasonable time within which to express objections, then he is in law regarded as having waived his objections, if any he had. Thereafter, if an action as upon an account stated be brought upon the claim, the original character or form of the debt, as well as what kind of evidence was necessary to establish the same, is unimportant, for the cause of action is then not upon the original contract or transaction, but upon the promise, implied by the law where there is none expressed, to pay the balance. Dick v. Zimmerman, 207 Ill. 636. While the recipient of an account rendered, which through lack of objection on his part has ripened into an account stated, is precluded from opening up previous disputes between the parties regarding the various items of the account, he is not precluded from showing fraud or mistake; but if he raises any such issue the burden of proof is upon him to establish it. Oil Company v. Van Etten, 107 U. S. 325, 330-1, 333-4; Concord Apartment House Co. v. Alaska Refrigerator Co., 78 Ill. App. 682, 687; Weigle v. Brautigam, 74 Ill. App. 285, 292; B. S. Green Co. v. Smith, 52 Ill. App. 158, 160. There is sufficient evidence in this record to justify the rendition of the judgment, so far as the $602.89 is concerned, upon the theory of an account stated.

There is also evidence to the effect that in the early part of February, 1908, defendant admitted owing the money.

We find no reason for disturbing the judgment of the court below. The judgment will be affirmed.

*Affirmed.*