## SANDOVAL COAL AND MINING COMPANY

### v.

### ISAAC MAIN.

*Indebitatus Assumpsit—Corporations—Statute of Limitations—Failure of Consideration—Conflict of Evidence.*

1. The action of *indebitatus assumpsit* is in the nature of an equitable one, and the plaintiff is entitled to recover if the evidence of the defendant, taken with his, shows that the defendant is indebted to him upon any of the counts of the declaration, although his own evidence fails to sustain his particular theory of the case.

2. In an action to recover money claimed to be due from a corporation on account of the purchase of its property, it is *held:* That the evidence, which was conflicting, justified the court in finding the issues raised by pleas of the general issue, the Statute of Limitations of five years and failure of consideration, for the plaintiff.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Marion County; the Hon. AMOS WATTS, Judge, presiding.

This suit was brought by the appellee to recover money claimed to be owing to him by the appellant. He filed the common counts and the defendant pleaded the general issue, the Statute of Limitations of five years, and one of failure of consideration.

The cause was submitted to the court for trial, who found the issues for the plaintiff and assessed his damages at $390, for which judgment was entered, and the defendant appealed.

Mr. M. SCHAEFFER, for appellant.

Mr. T. E. MERRITT, for appellee.

PILLSBURY, J. It seems to be conceded by both parties to the record, that prior to the incorporation of the appellant company there had been a corporation by the name of The St. Louis & Sandoval Mining Company (called in the record " The Old Company "), which, after sinking a shaft some 114 feet, became unable to pay its debts, and upon the application of the appellee and others, stockholders, the Circuit Court appointed a receiver to take charge of its property.

The property, at this time, consisted of two acres of land upon which the shaft was located, and some mining rights in adjoining lands.

Such proceedings were had in the Circuit Court that the property was sold by the receiver under the order of the court to the appellee. Afterward the present appellant was organized and appellee conveyed to it the property purchased by him at the receiver's sale.

The contention here is as to the terms of this latter sale. The appellee testifies that he bought the property at the receiver's sale for $2,465; that this amount consisted of the debts owing by the old company, and $200 for the two acres of land; that he paid the $200 in cash and the balance was to go to pay the creditors; that he took an active part in the

formation of the new company and conveyed to them for the same amount he had bound himself to pay at the receiver's sale. He claims that out of the $2,465 he was to receive back the $200 paid in cash to the receiver, and the appellant was to pay the debts of the old company assumed by him. Of these debts $200 was coming to him, being the amount the old company owed him for the money paid for the land originally, he having bought it twice, and he further swears that he had already paid, of the old debts, $190 in addition thereto. The appellant claims that upon the purchase from Main it agreed to pay the debts of the old company and the $200 paid by Main to the receiver, and that these debts have been paid. To support this latter claim it called the president and two directors of the company, and one other witness, who state, generally, that the debts of the old company agreed to be paid were paid; but being cross-examined each admits that he has no knowledge that such debts were paid, but such was the understanding. The appellee states that there is now due and unpaid to him out of the $2,465, the sum of $583; but he does not show wherein the old company was indebted to him or he had discharged its debts beyond the $390, and the testimony introduced by appellant being sufficient to sustain the finding of the court that the sale of the property by Main to it was upon the consideration of the payment by it of the debts of the old company and the $200 paid by him for the land, we are not disposed to disturb such action of the court; neither can the appellant complain that the court adopted its view of the contract and the consideration to be paid for the conveyance of the property. The action of *indebitatus assumpsit* is in the nature of an equitable one; and if the plaintiff should fail to sustain his particular theory of the case, yet if the testimony of the defendant should show, although introduced upon a different view of the case, in connection with the other testimony in the cause, that the defendant was indebted to the plaintiff upon any of the counts in the declaration, it would be the duty of the court to give judgment accordingly without regard to the source of the evidence from which the real rights of the parties were made manifest. So

in this case, while the evidence was of that character to justify the learned Judge below in his conclusion that the appellant never agreed to pay Main any specific sum for the property purchased by him, but was to pay the indebtedness of the old company, adopting the view of appellant, the whole evidence considered, it was also sufficient to justify its action in finding that the old company was indebted to Main in the sum of $390. Indeed, the books of the new company show that the old company owed Main $200 for the land, which they were to pay according to its theory of the case, and the only explanation it can give of such entry is that the present officers do not know how it came to be made. In addition, the $190 he swears he paid was allowed by the court. So far as concerns the issue upon the plea of the Statute of Limitations, the excuse of the appellee for not bringing the suit sooner is that the validity of the sale from the receiver to him was disputed and litigation had arisen between the old and new companies, and the appellant requested him to wait until the title was adjudged to be in the new company, which he did; and such final determination was not had until just before the suit was commenced.

He further says he frequently requested a settlement, but was put off, from time to time, upon the above ground.

The president of the company in his testimony admits that Main frequently, at the meeting of the directors, spoke about the payment of the debts of the old company, but was told that the debts were not to be paid until coal was found. Now, if the learned Judge below saw proper, upon the testimony, to find that the delay was caused for the reason stated by appellee rather than that by the president of the appellant, we are aware of no rule that would allow us to overrule him in such matter. He saw the witnesses upon the stand and certainly was in a better position to judge of the weight that should be given to their respective statements than we are, and therefore we should not interfere with his finding.

As to the plea of failure of consideration, it is evident that through the trade with Main the appellant acquired all the property of the old company, as it was intended it should, although, perhaps, by a different process than was anticipated.

The appellant, through its agreement with Main to do so, was adjudged to hold the property upon the principle of subrogation, (116 Ill. 170,) and ought not now to repudiate its contract through which its title to the property was thus obtained.

The evidence in our opinion is sufficient to support the finding of all the issues in favor of the plaintiff, and no propositions of law being submitted to the court below, upon which error can be assigned, we must affirm the judgment.

*Judgment affirmed.*