## Peterson & Co. v. Albert Wachowski.

1. ACCOUNT STATED—*What is—Definition.*—An account stated is an agreed balance of accounts, which has been examined and accepted by the parties to the transaction in question.

**Appeal** from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed January 30, 1900.

HERBERT S. DUNCOMBE, attorney for appellant.

MAX A. DREZMAL, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Appellant, S. Peterson, doing business as S. Peterson & Company, appealed to the Circuit Court from a judgment recovered against him in favor of appellee before a justice of the peace, and there suffered again the recovery of a judgment against him for the same amount, and now brings the case to this court for review.

Appellee was engaged as a salesman for appellant, at a compensation equal to a fixed percentage upon the amount of the net profits on all goods sold to customers of his own procuring, by either himself, or others representing the appellant. He rightfully quit such employment December 31, 1895, and on that day requested of appellant a statement of how much was due him. Three days afterward he was furnished by appellant's bookkeeper with an account bearing date January 3, 1896, crediting him with $110.90 commissions earned by him, and charging him with merchandise and ten per centum of such commissions, and showing a balance of $99.27 as due to him. The contract under which he worked provided that appellee should bear a percentage, equal to his commission percentage, of all losses, as for bad debts, etc., on goods sold by him, and that ten per centum of his commissions should be retained by appellant

to protect against his share of such losses when ascertained, and the charge against him for ten per centum of his commissions, as shown by such statement of account, was presumably made in pursuance of the contract in such respect. The judgment in favor of appellee was for the balance of $99.27, shown by the statement furnished him.

It is contended by appellee that the account furnished him was an account stated, and binding upon appellant. On the other hand, appellant insists to the contrary, and urges that the account, as furnished appellee, shows upon its face that it was not a final statement, because it shows a credit to the retention fund of the ten per centum charged to appellee, thus indicating that the business transactions between the parties were not closed, and that in the nature of things, whether there would be losses in which appellee was bound to share could not be ascertained so soon, and before the terms of credit given to customers had expired.

The evidence at the hearing consisted wholly in the writings—the contract and the account furnished appellee—and the testimony of appellee, and of appellant's bookkeeper, who was also shipping clerk, and had charge of the accounts.

By the testimony of the bookkeeper it would appear that losses on bills of goods, sold by appellee prior to his quitting his employment, were ascertained after the rendition of the account claimed to be an account stated, which, if apportioned under the terms of the contract, would more than offset the balance there shown to be due to appellee. No statement of such loss was, however, furnished to appellee until after he had begun this suit—about six months after the account rendered was furnished appellee. On the other hand, this same witness testified to certain facts concerning outstanding accounts of goods sold by appellee, from which, if standing alone, the jury might, perhaps, have found that an additional amount was owing to appellee, and they seem in fact to have done so, although such increased sum was remitted from the verdict.

We can not assent to appellee's contention that the state-

ment furnished to him was equivalent to an account stated, in the legal significance of that term, and, as such, conclusive between the parties to it, except for fraud, mistake or plain error shown.

Bouvier (Law Dictionary) defines an account stated to be: "An agreed balance of accounts. An account which has been examined and accepted by the parties."

It seems that it was the custom between the parties to furnish appellee with a statement soon after the end of each month, showing the commissions earned by him upon sales made by him during the month, and to charge him with ten per cent thereof as a reserve or retention fund to abide the ascertainment, later on, of losses, if any, upon goods so sold, as it was provided by the contract should be done. The goods were not sold for cash, but upon credits of thirty or sixty days, and in the nature of things it could not be known at the end of a month what the percentage of loss would be upon sales the term of credit for which had not expired.

True, the parties might have agreed at the time appellee quit his employment that no part of losses, if any, upon sales for which the term of credit had not expired, should be borne by appellee, and the contract in such respect be abrogated, but there is no evidence of such an agreement.

There is no evidence that appellant ever saw the statement of January 3d after it was made out by the bookkeeper, or that the bookkeeper had any authority to in any respect change or abrogate the provisions of the contract. Nor is there any evidence that appellant and appellee ever agreed upon such statement as being final and correct. The only evidence in such respect is that appellee requested appellant to give him a statement of how much was due him, and that the bookkeeper made out and gave to appellee the account of January 3d.

Such falls far short of being an account stated, binding in law upon the parties. The clear inference is, as testified by the bookkeeper, that it was made and given as a statement for the month of December only, without reference to losses that might be subsequently ascertained. Except

upon the theory that the statement furnished appellee constituted an account stated, which, we hold, is not sustainable under the proof as made, the evidence did not warrant a verdict in favor of appellee.

We expressly refrain from all opinion upon the case as it may be made to appear upon a fuller inquiry into the accounts kept by appellant than was had by appellee under the account stated theory upon which his case was tried. He staked his case below and has done so here upon that theory.

In his brief he says, " the only question in this case is whether the statement   *   *   *   was an account stated."

We therefore discuss nothing else, and, it being plainly not such, we are reluctantly (the amount involved being so small) compelled to reverse the judgment and remand the cause for another trial.   Reversed and remanded.