### Charles W. King v. John Machesney.

1. CONTRACTS—*Party Entitled to Show Damages by Breach of.*—A party is entitled to show what damages, if any, he has suffered by reason of a breach of contract, and to offset it against the whole demand of the plaintiff, where he has stated in the affidavit filed with his plea, that he has a good defense to a part only of the demand.

2. ACCOUNT STATED—*What Constitutes.*—It is not enough to constitute an account stated that it contains some items conceded to be correct, when at the same time the account as a whole is in dispute. An account stated is an agreement between parties that all the items of the account are true, and the balance as struck correct, with a promise, express or implied, for payment of such balance.

Assumpsit, on contract. Error to the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed April 17, 1900.

N. H. HANCHETTE, attorney for plaintiff in error.

HECKMAN, ELSDON & SHAW, attorneys for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit by defendant in error to recover for work claimed to have been done under a contract in writing,

wherein it was agreed that he should furnish certain material and make certain repairs upon premises of plaintiff in error. In addition to the contract price it is sought to recover also for extra work, alleged to have been done by order of the plaintiff in error. The latter claims that work required by the contract was never completed; that part of what was done was not in accordance with the agreement, and that certain glass removed was sold by the contractor and the proceeds improperly retained.

Plaintiff in error filed with his plea of general issue an affidavit that he had a good defense as to all but $452.57 of the amount sued for. The jury returned a verdict against him for a larger amount, and judgment was entered accordingly. It is contended that the judgment is not warranted by the evidence, and that there was error in the rulings and instructions of the court.

There is conflict in the testimony, but it seems to be conceded that in some respects the contract was not literally complied with. The court and jury having seen the witnesses and heard their testimony, we might not be disposed to interfere with the verdict and judgment, if no prejudicial error appeared in the rulings and instructions of the court. We are of opinion, however, that error was committed. The court refused to permit the introduction of testimony tending to show that certain items of the work called for by the contract had not been performed, apparently because of the admission by plaintiff in error in the affidavit filed with his plea, that he had a good defense to a part only of the demand. While it may be true that plaintiff in error, so long as this affidavit stood not withdrawn nor amended, should not be permitted to deny his liability for the amount therein conceded to be due, he was nevertheless entitled to show the exact facts as to what had been done or omitted under the contract, as well as to dispute the claim for extras. By the ruling of the court the jury were given to understand that as plaintiff in error had conceded his liability for an amount only forty dollars less than the contract price, he could not be heard to show, even as an offset to the further claim for

King v. Machesney.

extras, that he had suffered damages in excess of forty dollars by the non-performance of the contract. Evidence offered for this purpose was ruled out. This was erroneous. Plaintiff in error was entitled to show just what damage, if any, he had suffered by non-performance, and to offset it against the whole demand of the defendant in error so far as it exceeded the amount admitted to be due by the affidavit in question.

The contractor sold certain glass removed from the premises under the contract, and appropriated the proceeds to his own use. It was sought to justify this apparently by the claim that contractors are accustomed to retain for themselves material removed from a building under repair. We know of no warrant in law whereby any contractor, in the absence of an agreement to that effect, express or implied, is authorized to appropriate his employer's property to his own use. Counsel for defendant in error state that plaintiff in error was allowed credit for the glass in question by the remittitur if not by the verdict. But this is mere conjecture so far as we can ascertain, and not based upon anything appearing in the record.

The first instruction given for appellant told the jury in substance that if an itemized statement of account was presented to plaintiff in error and he agreed to pay a "portion thereof," such portion, if the jury could ascertain what it was, became an "account stated," which defendant in error is entitled to recover with interest. It is not enough to constitute an "account stated" that it may contain some items conceded to be correct, when at the same time the account as a whole is in dispute. An account stated is an agreement between parties that all the items of the account are true, and the balance as struck correct, together with a promise, express or implied, for payment of such balance. See "Accounts," A. & E. Encyclopedia of Law, p. 437, and cases there cited. The evidence does not show any such agreement or promise in the case before us, and the instruction was calculated to mislead the jury.

The judgment must be reversed and the cause remanded.