## Atlas Railway Supply Company v. Forster, Waterbury & Company.

### Gen. No. 11,945.

1. ACCOUNT STATED—*what essential to constitute.* In order that an account may be deemed as stated, there must be proof of the debtor's assent to the account rendered or sum demanded either express, or else implied from the failure to object within a reasonable time after presentation of statement.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed December 8, 1905.

GEORGE B. CHAMBERLIN, for appellant; GEORGE SAWIN, of counsel.

DEFREES, BRACE & RITTER, for appellee; JOHN G. CAMPBELL and GORDON L. GRAY, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This action was brought by appellee to recover a balance alleged to be due under three written contracts. These contracts are not, so far as we can discover, abstracted. It is stated in the briefs of appellee that they provided for the purchase and sale of many thousands of iron castings. Appellant states that it had previously contracted with the Wichita Street Railway Company for the sale and delivery of the articles in controversy and ordered them from appellee, as the latter was expressly informed at the time, to fill such contract, which provided for a forfeiture of $1,000 by appellant if the articles should not be delivered to the Wichita Company in accordance with the contract and by a certain date. Appellant claims that the castings were not delivered on time and were not of the kind and character called for by the contracts in controversy, that in consequence appellant paid the $1,000 forfeiture to the Wichita Street Railway Co., that time was the essence of the contracts sued upon, that defective castings were shipped

not made in accordance with the sample castings provided nor in conformity with the contracts, that these did not fit the rails, "were defective, broken, cracked and very rough," and that many were not used but were discarded because of imperfections.

It is unnecessary for us to undertake to determine whether by reason of appellee's alleged failure to comply with the terms of its contracts appellant has a valid claim for the amount forfeited to the Wichita Company, or to weigh the evidence as to the alleged defects. These questions have been taken from the consideration of the jury by instructions given in behalf of appellee as follows:

"The jury are instructed that in order to constitute an account stated it is not necessary that the admission of the parties that the balance struck is correct should be made in express terms. If a creditor has rendered its account to the debtor and the account is not objected to by the debtor within a reasonable time, the acquiescence of the debtor therein is to be taken as an admission that the account was truly stated.

"The jury are instructed as a matter of law that if you believe from the evidence in this case that there was an account stated between the parties to this suit, then you may allow the plaintiff interest upon such an account stated, if you find there was an account stated, at the rate of 5 per cent. per annum from the time the same was so stated."

The evidence upon which these instructions are based is the testimony of the witness Forster in behalf of appellee. He testified in substance that he had a conversation with Mr. McMichael, appellant's president and treasurer, at the latter's office in regard to the account in controversy, that he remembered "practically what was said," that he asked McMichael "if he could not settle our account," that McMichael "said he could not at the present time, at that present time," that "prior to that time a statement of our account with them had been sent him" on the first of each month, that the witness had a statement with him at the time, that he stated to McMichael what the amount was, and that McMichael said "he was not prepared to make a settlement that day," but would be "very shortly." This

conversation was denied by McMichael who testifies that he met Forster on the street one day, that they had a conversation about the account and he told Forster if he wished to talk to come to appellant's office and that Forster never came; that no account was presented by Mr. Forster then nor at any time. There is no evidence whatever as to the contents of the statement the witness Forster claims to have had with him at the time of his alleged interview with McMichael. The statement itself is not offered in evidence nor accounted for. It was not even shown so far as appears to McMichael and was not left with him. The only evidence of its contents is Forster's alleged "recollection" that the amount of the account which he says he stated to McMichael was $2,440.03. If we concede that the witness correctly states the time and place and what occurred and if we eliminate the contradicting evidence, it is still apparent that Forster's testimony fails to make out an "account stated" between the parties. To do this it should appear that with full knowledge of the contents of the statement of account which Forster says he had with him, or of the balance claimed to be due thereon, McMichael admitted one or both to be correct and agreed to it or them as fixing the amount due from appellant to appellee, the parties in effect at least mutually agreeing as to the allowance or disallowance of their respective adverse claims. There must be proof of appellant's assent to the account rendered or sum demanded either express, or else implied from a failure to object within a reasonable time after presentation of appellee's statement of account. A. & E. Ency. of L., Vol. 1, Article "Account Stated"; King v. McChesney, 88 Ill. App. 341; Peterson v. Wachowski, 86 Ill. App. 661; Greenleaf on Ev., 13 Ed., Sec. 197. The evidence in this case does not tend to show such admission or agreement. All that it is claimed McMichael said when told the amount claimed by appellant to be due, was that he "would be prepared to make a settlement" very shortly. There was, as both parties knew, a dispute between them over excess in weight for which appellant had from the first been claiming to be entitled to a credit on the amount

of appellee's invoices and which appellee had refused to allow. This appears from documentary evidence and is undisputed. In April appellant had sent a check for a less sum than appellee then claimed accompanied by an itemized statement of charges for overweight against appellee, with a letter saying that if the amount of the check was not satisfactory in view of the deductions made to return it, and suggesting that a representative of appellee "call and try to adjust matters." The check was altered by appellee and therefore not paid by appellant. The alleged conversation under consideration occurred in July following when this and apparently other disputed matters were still in abeyance. Under these circumstances for McMichael to tell Forster that he would be prepared to make a settlement shortly is very far from an admission that the amount Forster claimed was correct, and from anything like a promise to pay that specific amount. There was no presentation of an account and no admission of its correctness, much less any retention of an account rendered, without objection or claim of error, and nothing from which an account stated could in the existing condition of affairs be implied. A statement that appellee's president would shortly be prepared to make settlement of a disputed account cannot be construed as a promise to pay the amount demanded by appellee. The evidence did not warrant the submission of that question to the jury, and it was error so to do.

The instructions were clearly inapplicable under the evidence. There is no evidence tending to show that appellee had, as the instructions state, "rendered its account to the debtor," which was "not objected to by the debtor within a reasonable time," and no foundation therefore for the statement that "the acquiescence of the debtor therein is to be taken as an admission that the account was truly stated." In the absence of proof warranting a finding that there was an account stated it was also erroneous to tell the jury that interest could be allowed the plaintiff upon such an account.

The evidence is conflicting. In view of the errors indicated, we are not called upon to review contentions as to admissibility or weight of evidence. If it were necessary to do so, it would be extremely difficult with an unindexed abstract such as that before us, and briefs which refer us to the record for exhibits and evidence which the abstract should contain.

The judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*