Albert W. King, Defendant in Error, v. Leon I. Kahn et al., Plaintiffs in Error.

Gen. No. 15,302.

1. EVIDENCE—*what establishes account stated.* If an account is presented to a debtor and he examines it, makes inquiries with respect to items and upon their being explained states that the account is all right, an account stated is established.

2. EVIDENCE—*what does not establish account stated.* Mere silence by one when a bill is presented is not in itself a ground for presuming acquiescence in its correctness.

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 20, 1910.

ZEISLER & FRIEDMAN, for plaintiffs in error.

WINKLER, BAKER & HOLDER, for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The only question presented for our consideration in this case by plaintiffs in error "is whether the claim of the plaintiff was an account stated."

There is evidence tending to show that plaintiff did certain work and advanced certain sums for the copartnership the members of which were made parties defendant in the suit. The plaintiff testified that he presented his bill for $149.53 to the defendant Kahn, and that the latter said he was not able to let him have any money then because money from certain advertisers had not come in. Later he testifies to a conversation at his own office with Mr. Means, alleged to be a partner in the defendant firm, and that Means said he would go back "and send you a check;" that plaintiff had proposed to take payment in installments of $20 per week, and that Kahn expressed appreciation of plaintiff's willingness to make the payments easy; that while nothing was said as to the correctness of the account the bill was looked over by Kahn, who "inquired into one or two items where he thought I had put in a little too much time;" that plaintiff explained these, and that Kahn "accepted it as all right;" that subsequently Kahn said to him, "I think Mr. Means will be here in a few days and he will pay you up in a lump," and that plaintiff had sent a statement of the account to Kahn and duplicates to the other partners, Means and Manahan.

It is argued in defendants' behalf that under this evidence the claim is not an account stated, that if a party remains silent when presented with a bill this gives no ground to presume he admits its correctness. We do not concur in these contentions so far as they are based upon the evidence in this record. We have defined an account stated as "an agreement between parties that all the items of the account are

true and the balance as struck correct, together with a promise expressly implied for payment of such balance." King v. Macchesney, 88 Ill. App. 341–343, cited in defendants' brief. An account stated has also been defined as "an agreed balance of accounts." An "account which has been examined and accepted by the parties." Bouvier's Law Dictionary, cited in Peterson v. Wachowski, 86 Ill. App. 661–663. In the case at bar the evidence is to the effect that Kahn did examine the statement of account presented to him by plaintiff, that he made inquiries as to some of the items, that these were explained to him, and that he accepted the account as all right. It is doubtless true that mere silence by one to whom a bill is presented may not be of itself ground for presuming acquiescence in its correctness. Whether so or not may depend upon attendant circumstances. On the other hand proof of an express promise is not always necessary. The acquiescence of the defendant in the account as rendered and the promise to pay the balance shown by the statement of account to be due, may be inferred from circumstances in evidence. Neagle v. Herbert, 73 Ill. App. 17–27, and cases there cited. In the case at bar the plaintiff chose to rely on the evidence tending to show an account stated. This he was entitled to do. The defendant Kahn admits he looked over the statement presented to him by plaintiff, but denies that he promised to pay the amount claimed, also that he admitted the statement to be correct, and that the sum claimed is due plaintiff. The trial court had the witnesses before it and heard the testimony. We find nothing in the record to justify interference here with the finding and judgment. On the other hand we are of opinion the judgment is justified by the evidence.

The judgment of the Municipal Court is therefore affirmed.

*Affirmed.*