## Knox Engineering Company, Appellee, v. Rock Island Southern Railway Company, Appellant.

### Gen. No. 18,379.

1. APPEALS AND ERRORS—*when no propositions of law submitted.* Where no propositions of law are submitted, it must be presumed that the court proceeded, on correct legal principles and properly applied the law to the facts.

2. ACCOUNT STATED—*when established.* An account stated is established where plaintiff rendered accounts to defendant for the preparation of certain plans and specifications and for services as consulting engineer and superintendent of construction for a certain building at defendant's instance and it appears that defendant examined the account and promised to pay it without objecting thereto.

Appeal from the Municipal Court of Chicago; the HON. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed June 3, 1913.

QUIN O'BRIEN, for appellant.

HELMER, MOULTON, WHITMAN & WHITMAN, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

The plaintiff, appellee, obtained judgment in the Municipal Court of Chicago against the defendant, appellant, for services rendered, labor performed, money expended and material furnished by the plaintiff at the special instance and request of the defendant in the preparation of plans and specifications, and acting as consulting engineers and superintendents of construction in the building of a power station for the defendant on the Edwards river near Gilchrist, Illinois.

At the close of the evidence, the defendant submitted and presented to the court six propositions of law, so-

called, to be held by the court in the decision of the case. The court refused to hold each and all the propositions. Error is assigned upon the ruling of the court. The propositions submitted were not propositions of law but statements of facts to be found by the court. Inasmuch as the court, upon all the evidence, found the facts different from, and opposed to, the propositions submitted by the defendant, the court committed no error in marking the propositions refused, unless it was in finding the facts incorrectly upon the evidence.

No propositions of law having been submitted to the court to be held by it in deciding the case, it must be presumed that the court proceeded on correct legal principles of law, and applied the law properly to the facts. *Allison v. Leslie,* 40 Ill. App. 441. The refusal to hold the propositions of fact presented by the defendant, if treated as findings of fact, is consistent with the general finding of the court, and no question of law was raised nor can be raised here in this court upon the refusal of the propositions submitted.

The question presented on this record is whether or not there was an account stated between the parties. It is urged upon this question that the evidence does not show an account stated, and, further, that the business and transaction shown in the evidence was not a proper subject-matter for an account stated.

The evidence shows that in September, 1909, the defendant was desirous of erecting a power plant at or near Gilchrist on the Edwards river, Illinois, and desired to arrange with the plaintiff company, which was then engaged in engineering work in Chicago, for its services in and about the construction of the plant. Mr. Knox, the president of the plaintiff company, was asked his terms and replied that he would charge $25 a day for such days as he acted as consulting engineer on the work. Thereupon he was requested to go to Gilchrist and look over the site for the purpose of erecting the power plant for the defendant, and while

at Gilchrist the general manager of the defendant requested him to prepare plans and specifications for the plant. This work was undertaken by the plaintiff and the land was staked out for the site of the plant and building, and plans and specifications were prepared from time to time and sent to the defendant at Gilchrist. The plans under the original instructions were prepared for a brick building. About March, 1910, defendant notified the plaintiff that on account of the advance in the price of brick they had abandoned the idea of using brick and would use steel construction, and directed plaintiff to look after that construction. Thereupon the vice president of the plaintiff company went to the power plant at Gilchrist, laid out the work, and it was agreed with the defendant that the plaintiff should furnish a superintendent who was to give his personal attention to the erection of the plant at an agreed charge of $200 a month and his expenses. Under these arrangements, the plaintiff prepared complete plans and specifications for the entire work, and superintended the erection of the entire plant with all machinery and appurtenances.

About April 1, 1910, plaintiff sent a statement to the defendant, requesting $1,500 on account, and from that time on, at various dates, other letters and statements were sent, requesting payment of $1,500 on account; but to these statements no response was made by the defendant. On June 15, 1910, plaintiff wrote another letter to defendant, inclosing a statement and requesting remittance. To this letter a reply was received under date of June 21, 1910, acknowledging receipt of the letter, together with the bill, and stating that the matter had been taken up with the treasurer and that after July 1st the plaintiff's account would be given prompt attention. Further correspondence continued between the parties until September 8, 1910, when a detailed statement to September 1st was forwarded to the defendant, amounting in all for services and ex-

penses to $6,550. In the meantime the plaintiff went on with the work until about the middle of November, 1910, when it was completed, and a detailed statement was sent to defendant showing $8,824.14 due. to plaintiff. In the fore part of December following, the plaintiff took up directly the matter of securing pay for its services and disbursements, only about $29, the expense of the initial trip having been paid, and statements of account and letters requesting payment were sent by the plaintiff to the defendant at various times. October 26, 1910, Mr. Knox went to Davenport to see J. W. Walsh, one of the officers of the defendant, in regard to a settlement of the account. Walsh promised him he would settle the account within ten days; that he would then have some money, and gave some excuses for not attending to it before. Finally on the 12th of December Mr. Knox met the officers of the defendant in Chicago, and upon their claims that they had no itemized statement at hand of the account, handed a duplicate of the statement of November 15th to Mr. Walsh. This statement appears in full in the record. Upon receiving the statement, according to the testimony of Mr. Knox, the president of the defendant company expressed surprise that plaintiff had not received any payment on account, and promised to settle the account within a short time. No objections had been made to the accounts that had been rendered. This proved an account stated. *King v. Kahn,* 157 Ill. App. 251.

While it is true that the defendant's witnesses, Mc-Cullough and Walsh testified that at various times, after the interview of December 12, 1910, they had made objections to items in the bill or statement rendered to defendant, the record is barren of any written evidence of that kind, and it is difficult to believe that if objections had been made to the accounts as rendered the correspondence of the parties would not have shown them.

In our opinion the evidence fully warranted the trial court in finding the issues of fact in favor of the plaintiff. The evidence is quite voluminous and no useful purpose would be subserved in analyzing it in detail. We find no questions preserved, as above indicated, in the record as to the law applicable to the facts in the case, and we find no errors in the rulings of the court on questions of evidence.

The judgment is affirmed.

*Affirmed.*