Associated Furniture Manufacturers, Appellee, v. Leader House Furniture Company, trading as East St. Louis House Furnishing Company, Appellant.

1. APPEAL AND ERROR—*sufficiency of conflicting evidence to sustain verdict.* Where defendant, in an action for the balance due on a contract for the purchase of talking machines, claimed a breach of a guaranty against any reduction by any other distributor in the price of machines, the verdict for plaintiff was not reversed where, although the evidence was conflicting and defendant had the greater number of witnesses, the verdict was not so manifestly against the evidence as to warrant a reversal.

2. APPEAL AND ERROR—*when improper cross-examination not ground for reversal.* Where, in an action for the balance due on a contract for the purchase of talking machines, defendant claimed breach of a guaranty against any reduction in price by any other distributor, it was error, though not serious, to permit the manager of defendant to answer a question on cross-examination as to whether any one else was to have been permitted to handle the machines, as the question was not proper cross-examination and its tendency was to mislead the jury.

3. APPEAL AND ERROR—*when judgment not reversed for error in permitting leading question.* In an action for the balance due on a contract for the purchase of talking machines in which defendant claimed breach of a guaranty against any reduction in price by any other distributor, it was error, though not serious, to permit an answer to a question asked of plaintiff's witness, as to whether the machines were selling by regular dealers for the regular established prices for which they were given to defendant, as the question was leading and suggestive and asked for a conclusion.

4. ACCOUNT STATED—*sufficiency of statement of account.* An instruction was erroneous which stated that if statements when received by defendants were retained without protest until the commencement of suit, the balance shown as due in such statements would be an account stated and would be an acknowledgment by defendant of the accuracy of such statements, and that the balance shown thereon was due to plaintiff, where it was not clearly shown that any of the statements were sent after the time the bill in question fell due, and also because, even if a statement had been rendered after such time, it was a question for the jury as to whether or not the mere rendering of the statement, without objection by defendant, was for such a length of time prior to suit as

would warrant the jury in finding that such failure to object would amount to an account stated.

5. INSTRUCTIONS—*necessity of defining terms employed.* An instruction stating that "the current market price for an article is determined by the market as published by trade review or the prices prevailing generally in the locality in question," was erroneous, without some instruction explaining what was meant by "trade review."

6. SALES—*failure of verdict in action for price to allow for repairs.* A verdict for the balance due on a contract was not excessive because it made no allowance for an amount expended for repairs where, although it had been plaintiff's custom to make repairs, there was nothing in the contract or the evidence to warrant the conclusion that this was a part of the contract of sale.

7. INSTRUCTIONS—*failure to require plaintiff to prove by "preponderance" of evidence.* Instructions were not erroneous for failing, in express terms, to require plaintiff to prove his case by a preponderance of the evidence, as the words "if you believe from the evidence," mean no more nor no less than "if you believe from a preponderance of the evidence."

Appeal from the City Court of East St. Louis; the Hon. SILAS Cook, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed March 24, 1922.

T. M. WEBB, for appellant.

A. B. FREY and DAN McGLYNN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was brought by appellee against the East St. Louis House Furnishing Company on December 29, 1920, in the City Court of East St. Louis, to recover on a sale of a number of phonographs or talking machines.

The declaration, as finally amended, consisted of one special count and the consolidated common counts. To the amended declaration, appellant filed a plea of the general issue and a plea of set-off. On the trial an amendment was made, making appellant, doing business under the trade name of East St. Louis House Furnishing Company, the defendant, as it was the real

party in interest. A trial was had before a jury resulting in a verdict in favor of appellee for the sum of $1,274. Judgment was rendered thereon against appellant for said amount and costs. To reverse said judgment this appeal is prosecuted.

It is contended by appellant for a reversal of said judgment that the verdict is against the manifest weight of the evidence; that the court erred in its rulings on the evidence, and in the giving of the four instructions given on behalf of appellee. The record discloses that a short time prior to May 15, 1920, appellee was agent or distributor in East St. Louis for the Vitanola Talking Machine Company and, as such, sold to retail furniture dealers. The Vitanola Company manufactured several different styles and sizes of phonographs, among which were machines designated Nos. 6, 8 and 10. It was the custom of the company to have a contract entered into between it, the distributor, and the retailer, one of the provisions of which was to bind the retailer to sell to customers at prices from time to time fixed by said company. In pursuance thereof, on the 15th of May, 1920, appellant, under the name and style of East St. Louis House Furnishing Company, signed a contract with the Vitanola Talking Machine Company, in which it was recited: "That the retailer will neither give away, sell, offer for sale nor in any way dispose of such goods at retail, either directly or indirectly, at less than the list price established from time to time by the Vitanola Company."

The contract further provided that the dealer (meaning the retailer) shall place with an authorized distributor an initial order of at least twelve machines for immediate shipment and afterwards undertake to sell, exclusive of the initial order, $4,000 of such machines each year during the life of the contract, and that only after such initial order has been received and paid for should the contract be in force and effect.

On July 21, 1920, the list prices fixed on the above machines were as follows: No. 6, $105.00; No. 8, $115.00; and No. 10, $160.00. On August 28, 1920, appellant purchased from appellee forty-seven machines, at a total cost of $6,090. In a day or so thereafter, appellant received on his order thirty-eight machines, the net price of which was $2,744.70. Ordinarily, the time of payment was 30 days, the bills being rendered on the tenth day of the month following the date of the sale. Appellee, however, agreed to give appellant 60 days, making the bill fall due on November 10. On November 9, appellee called on appellant, and appellant paid $1,500 on said bill, leaving a balance of $1,244.70. There is no question with reference to the amount to be paid for the machines under the order, but it is contended by appellant that it was agreed at the time and as a part of the transaction that appellee would guarantee against any reduction by any distributors in the price of said machines and would guarantee appellant against sales by other retailers at a price less than the price fixed in the order given appellee for said machines. Certain witnesses on the part of appellant testified to the effect that appellee, in order to induce appellant to purchase said machines, made a guarantee of that character and afterwards, in effect, ratified the same. The testimony of appellant also tends to show that certain other distributors in St. Louis were offering to sell said machines at a less price than appellant purchased from appellee. One of the witnesses for appellant testified that the Witte Hardware Company and Rice-Stix Company had offered to sell machines of the same character as those purchased of appellee at a reduced price. On the other hand, the evidence on the part of appellee is to the effect that no such guarantee was made and further that the retail dealers selling said machines were not to sell them at a reduced price. The evidence was, therefore, conflicting, and while appellant had the

greater number of witnesses, we are not prepared to say that the verdict is so manifestly against the weight of the evidence that we would be warranted in reversing the judgment on that ground.

It is next contended by the appellant that the court erred in its rulings on the evidence. On cross-examination, Richard Slack, the manager of appellant, was asked the following question: "Was anybody else to be permitted to handle the Vitanola but you?" The question was objected to; the objection was overruled. The witness answered, "No." We are of the opinion, and so hold, that the court should have sustained the objection to this question, as it was not cross-examination and its tendency would be to mislead the jury. The court, over the objection of counsel for appellant, permitted Clifford, one of the members of plaintiff's association or firm, to answer the question: "Is it a fact so far as you know that everywhere in the United States those Vitanola phonographs were selling by regular dealers for the regular established prices for which they were given to Mr. Slack?" The court erred in permitting this question to be answered. It was leading and suggestive and asked the witness for a conclusion. Other rulings of the court on the admission of evidence were complained of, but, on examination of the record in connection therewith, we are of the opinion no serious error was committed by the court in its rulings thereon.

It is next contended by appellant that the court erred in its rulings on the instructions. No instructions were given on behalf of appellant. Four instructions were given on behalf of appellee, all of which instructions, appellant insists, it was error for the court to give. The first given instruction is as follows:

"The court instructs the jury, that if you believe from the evidence in this case that the defendant received from the plaintiff statements of the account sued for in this case showing a balance due, and if you

further believe from the evidence that such statements when received by the defendant (if any) were retained by it without objection or protest until the commencement of this suit, then you are instructed that the amount of the balance due in such statements would be an account stated between the parties and would be an acknowledgment by the defendant of the accuracy of such statements and that the balance shown thereon was due to the plaintiff.''

In view of the record in this case, the giving of this instruction was error. While the evidence tended to show that certain statements of the amount claimed to be due were rendered appellant by appellee, yet it is not clearly shown that any of those notices were sent to appellant after November 10, the time when the bill of goods fell due, and, even if a statement were rendered after that time, it would be a question for the jury as to whether or not the mere rendering of said statement by appellee, without objection on the part of appellant, was for such a length of time prior to the bringing of said suit as would warrant the jury in finding that such failure to object would amount to an account stated. It is stated by the editor in 1 Corpus Juris at page 678, sec. 249: ''An account stated is an agreement between parties who have had previous transactions of a monetary character that all the items of the account representing such transactions, and the balance struck, are correct, together with a promise, express or implied, for the payment of such balance.'' This same author says in the same volume on page 683, sec. 259: ''To constitute an account stated each party must understand the transaction as a final adjustment of the respective demands between them taken into consideration in the accounting. Hence, the binding force of an account stated will not be given to the mere furnishing of an account or other transaction which was not with a view to asserting a claim, establishing a balance due, or finally adjusting

the matters of account between the parties.''

In *State v. Illinois Cent. R. Co.*, 246 Ill. 188, the court at page 241 says: ''A stated account is an acknowledgment of an existing condition of liability of the parties, from which the law implies a promise to pay the balance thus acknowledged to be due. The terms ''stated'' and ''settled'' accounts are sometimes used as equivalent expressions. (1 Cyc. 364, and cases cited; 1 Words and Phrases, p. 93; 1 Encyc. of L. & P. 728, and cases cited; *Chicago, M. & St. P. Ry. Co. v. Clark*, 92 Fed. 968; *McDow v. Brown*, 2 S. C. 95.)''

In *Atlas Ry. Supply Co. v. Forster, Waterbury & Co.*, 123 Ill. App. 558, the court, in discussing this question, at page 560 says: ''There must be proof of appellant's assent to the account rendered or sum demanded either express, or else implied from a failure to object within a reasonable time after presentation of appellee's statement of account. Amer. & Eng. Encyc. of Law, vol. 1, art. 'Account Stated'; *King v. Machesney*, 88 Ill. App. 341; *Peterson & Co. v. Wachowski*, 86 Ill. App. 661; Greenleaf on Evidence (13th Ed.), sec. 197.''

In *Dean & Son, Ltd. v. W. B. Conkey Co.*, 180 Ill. App. 162, the court at page 179 says: '' 'Where an account is rendered by one party to another and is retained by the latter beyond a reasonable time without objection, this constitutes a recognition by the latter of the correctness of the account and establishes an account stated. * * * When the facts are undisputed the question is for the court, but when the facts are in dispute in a common-law action the question should be submitted to the jury under proper instructions.' See also *Northwestern Fuel Co. v. Western Fuel Co.*, 144 Ill. App. 92; *Rudolph Wurlitzer Co. v. Dickinson*, 153 Ill. App. 36; *Pickham v. Illinois, I. & M. Ry. Co.*, 153 Ill. App. 281; *Dick v. Zimmerman*, 207 Ill. 636.''

It was therefore a question for the jury as to

whether the rendering of the account which the evidence tends to show appellee rendered appellant, and which the evidence tends to show was not objected to, was sufficient to constitute an admission by appellant that the amount stated therein was correct, or, in other words, to an account stated.

We have examined instructions Nos. 2 and 3, given in behalf of appellee, and are of the opinion that there was no substantial error in the giving of these instructions. Instruction No. 4 is as follows:

"The court instructs the jury that the current market price of an article is determined by the market as published by trade review or the prices prevailing generally in the locality in question; special sales by one or two or more dealers do not determine the current market price of an article unless such prices have been met generally by dealers in such articles."

This instruction is abstract in form, and in our judgment the giving of the same without some instruction explaining to the jury what is meant by "trade review" had a tendency to mislead the jury and the giving of the same was erroneous.

It is next contended by appellant that the verdict of the jury is excessive, it being the contention of appellant that it expended some $30 for repairs on said machines and that appellee was to make these repairs. The evidence in the record discloses that it had been the custom of appellee to make said repairs, but there is nothing in the contract or in the evidence to warrant the conclusion that this was a part of the contract of sale. We are of the opinion, therefore, that this assignment of error is not well taken.

It is also contended by the appellant that it should not be bound by the contract which it signed with the Vitanola Company for the reason that it did not make an initial purchase as specified in the contract, and that therefore the contract did not take effect. We do not think that appellant is in a position to make

this objection and said assignment of error, therefore, is not well taken.

It is next insisted by appellant that the instructions given on behalf of appellee are erroneous because they do not in express terms require the plaintiff to prove his case by a preponderance of the evidence. Ordinarily, in some of the instructions offered, the jury are directly told that the plaintiff must prove his case by a preponderance of the evidence, and we think that this is the better practice. The instructions, however, are not erroneous by reason of the failure to contain that provision. In *Donk Bros. Coal & Coke Co. v. Thil*, 228 Ill. 233, the court at page 243 says: "The objection that the instruction uses the expression, 'as the jury may believe from the evidence,' omitting the word 'preponderance' before the word 'evidence,' we do not regard as tenable. This form of expression has been employed so long by courts and lawyers as to become a fixed practice. * * * 'If you believe from the evidence' means no more nor no less than 'if you believe from a preponderance of the evidence.' The fact that the belief of the jury is based on the evidence is the essential thing. The fact that the jury have a fixed belief based on the evidence necessarily presupposes that the preponderance of the evidence is, at least in the opinion of the jury, in accordance with such belief."

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*